UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALI MORADI et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>) Case No. 24-cv-02569 (APM)<br>MARCO RUBIO,[1] )<br>*in his official capacity as U.S. Secretary of State,* )<br>**et al.,** )<br>)<br>Defendants. )<br>) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Ali Moradi, Niloufar Ghamari, Ali Kheirkhah Barzoki, and Ghazaleh Khalili Tanha,[2] all citizens and residents of Iran, seek F-1 or J-1 nonimmigrant visas to pursue study or research at various academic institutions in the United States. Compl., ECF No. 1, ¶¶ 1–2, 18–19, 21–22. According to Plaintiffs, their F-1 or J-1 visa applications were properly filed but were refused and placed in administrative processing under the Immigration and National Act § 221(g) where they have been for over nine months with no action. *See id.* Contending that Defendants' failure to act constitutes a violation of law, *id.* ¶¶ 120–158, Plaintiffs ask the court to compel agency action pursuant to the Administrative Procedure Act (APA) and to issue a writ of mandamus.

Defendants move to dismiss on two grounds: (1) the D.C. Circuit's opinion in *Karimova v. Abate*, No. 23-5178, 2024 WL 3517852 (D.C. Cir. July 24, 2024), incontrovertibly holds that a

---

[1] Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, the court substitutes the current Secretary of State Marco Rubio as defendant in place of his predecessor in office.
[2] Claims of Fereshteh Shafiepour were voluntarily dismissed on September 4, 2025. *See* Notice of Voluntary Dismissal of One Plaintiff, ECF No. 15.

consular officer has no duty to act on a visa application held in administrative processing, and (2) Plaintiffs' claims are barred by the doctrine of consular nonreviewability. *See* Defs.' Mot. to Dismiss, ECF No. 19 [hereinafter Defs.' Mot.], at 6–14.

As to the first ground, the court does not read *Karimova* so broadly. *Karimova* held only that "Section 555(b) [of the APA]—and *only* Section 555(b)" does not place a "clear, non-discretionary duty" on a consular officer to "re-adjudicate [an] already-refused application." 2024 WL 3517852, at *3. It offered no opinion as to whether any other source of law creates a nondiscretionary duty as to a visa application placed in administrative processing. *Cf. Nikjooy v. Rubio*, No. 24-cv-1989 (LLA), 2025 WL 2634440, at *6–8 (D.D.C. Sept. 12, 2025). Plaintiffs here do rely on § 555(b), *see* Compl. ¶¶ 39, 106, but not exclusively like the plaintiff in *Karimova*. They also assert that 8 U.S.C. § 1202(e) and other sources of law[3] require a consular officer to act on their applications. *See id.* ¶¶ 101, 111, 129, 152; 8 U.S.C. § 1202(e) ("The application for a nonimmigrant visa or other documentation as a nonimmigrant shall be disposed of as may be by regulations prescribed."). Defendants, however, grapple with none of these other legal grounds. *See* Defs.' Mot. at 6–11. So, even if *Karimova* disposes of § 555 as the basis for a discrete legal duty, Defendants' failure to challenge any other cited source of law means that dismissal based on the lack of a discrete legal duty is not warranted.

As to the defense of consular nonreviewability, courts in this District repeatedly have held that inaction on a visa application stuck in administrative processing under § 221(g) is not shielded from review under that doctrine. *See, e.g.*, *Al-Ghawary v. U.S. Dep't of Homeland Sec.*, 617 F. Supp. 3d 1, 11 (D.D.C. 2022); *Nine Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the U.S. v. Kerry*, 168 F. Supp. 3d 268, 292 (D.D.C. 2016). And *Karimova* did not clearly

---

[3] Plaintiff also cites 22 C.F.R. § 41.121(a) and 9 FAM 403.7-3, 403.10-2(A). Compl. ¶¶ 111, 129, 152.

2

3

rule on the applicability of consular nonreviewability to visa applications in administrative processing. *See Karimova*, 2024 WL 3517852, at *6; *Thein v. Trump*, No. 25-cv-2369 (SLS), 2025 WL 2418402, at *8–10 (D.D.C. Aug. 21, 2025).

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 19, is denied.

Dated: September 30, 2025

Amit P. Mehta
United States District Judge